23988. CUNNINGHAM *v.* SPURWAY, receiver, etc.

STEPHENS, J. 1. A person may, after abandoning a domicile and residence, acquire a domicile and residence elsewhere, notwithstanding he may, after abandoning his residence, intend at some future date to return and reestablish a residence and domicile there. Where a person who had a residence and place of abode on a particular street in Athens, Clarke County, Georgia, had given them up and abandoned them, and had lived at other places in the State and elsewhere, and had afterwards moved with his family to the City of Atlanta, and was living with his wife and children at a designated place on a designated street in Atlanta, and in his plea to the jurisdiction he alleges that he does "not now have a regular place of abode in Athens, or in any other city in Georgia, except such place of abode" as he now has in Atlanta, that he paid taxes and registered to vote in Clarke County, but is not now doing so, that since he lived in Athens he has not lived anywhere where he intended to remain permanently, the inference is authorized that notwithstanding it is his present intention upon his retirement from the army, which is at no definite date, to return to Athens, Clarke County, Georgia, that he abandoned his residence and domicile in Clarke County and that his residence and domicile is now in the City of Atlanta. This being a suit upon a note to which the only defense filed was a plea to the jurisdiction, the court did not err in overruling the plea to the jurisdiction and in thereafter entering judgment for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 9, 1935.

*Sutherland, Tuttle & Brennan,* for plaintiff in error.
*Ray Williams, Colquitt, Parker, Troutman & Arkwright,* contra.